**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DANNY SOWELL, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 5:20-cv-4024 |
| | ) | |
| CONVERGENT OUTSOURCING, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Danny Sowell, by and through the undersigned counsel, and for his Complaint against Defendant, Convergent Outsourcing, Inc., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. At the time of the occurrence, Plaintiff resided in the city of Topeka, a part of Shawnee County, Kansas 66609.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Topeka, a part of Shawnee County, Kansas 66609, making Topeka a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Washington corporation headquartered in Renton, Washington, practices as a debt collector throughout the country, including Kansas.

8. Defendant attempts to collect alleged debts throughout the state of Kansas, including in Topeka city and Shawnee county.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Topeka city and Shawnee county and Defendant attempts to collect alleged debts throughout the state of Kansas.

11. Defendant knowingly attempted to collect on a debt allegedly incurred in Topeka, Kansas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

**STANDING**

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the

right can sue without running afoul of Article III, even if he incurs no other injury[.]").

14. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

15. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

16. Plaintiff, Danny Sowell (hereafter "Plaintiff"), is a natural person currently residing in the State of Kansas at the time of the allegations.

17. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

18. Defendant, Convergent Outsourcing, Inc. ("Defendant"), is a Washington corporation with its principle offices at 800 SW 39th Street, Suite 100, Renton, Washington 98057.

19. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

20. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

21. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

22. On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

23. The alleged debt was said to be owed for a cable and internet bill at a residence and would have only been incurred for personal or household purposes.

24. On or about May 13, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

25. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. During the telephone call, Plaintiff stated he wanted to dispute the debt.

28. Defendant's representative immediately began to overshadow Plaintiff's rights to dispute the alleged debt.

29. After Plaintiff insisted that he wanted to dispute the alleged debt, Defendant's representative made multiple contradictory statements.

30. Defendant's representative told Plaintiff that he needed to dispute the alleged debt in writing.

31. It is well settled that § 1692 does not impose a writing requirement on a consumer. See, Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Henandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL

711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See, Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

32. In reality, Defendant's representative should have marked the account as disputed and immediately ceased collection activity until proper validation had been provided to the consumer.

33. Next, Defendant's representative told Plaintiff to send in a reason for the dispute, as well as proof that the account was paid.

34. It is well settled that a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute

the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

35. By attempting to force Plaintiff to fulfill additional requirements in order to dispute the alleged debt, Defendant stymied Plaintiff's rights under the FDCPA.

36. Defendant's representative's additional statement that the account could be as notated as disputed shows that Defendant was aware that Plaintiff did not need to send the dispute of alleged debt in writing.

37. Thereafter, Defendant then directed Plaintiff to dispute the debt in writing in order to dispute and validate the debt, when in reality he had already properly disputed the debt with Defendant during the call.

38. Defendant's false and misleading statements provide a Catch-22 situation. Either Plaintiff had properly disputed the debt, as Defendant's representative had indicated earlier when it informed Plaintiff that Defendant could make a note of the dispute on the account, and he was not required to dispute the alleged debt in writing, or Defendant had lied to Plaintiff about marking the account as disputed.

39. Under either scenario, Defendant's statements would be false and misleading in nature.

40. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

41. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

42. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

43. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

44. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

45. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

46. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

47. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

48. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

49. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

50. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

51. Defendant's collection efforts only serve to confuse and mislead the consumer.

52. Defendant's collection efforts were materially false, misleading, and deceptive.

53. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Danny Sowell, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Danny Sowell, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT II: Violations Of § 1692d The FDCPA – Harassment or Abuse, False or Misleading Representation**

54. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

55. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

57. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Danny Sowell, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Danny Sowell, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices**

58. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

59. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

60. Defendant's communications with Plaintiff were deceptive and misleading.

61. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

62. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Danny Sowell, prays that this Court:

D. Declare that Defendant's debt collection actions violate the FDCPA;

E. Enter judgment in favor of Plaintiff Danny Sowell, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

F. Grant other such further relief as deemed just and proper.

**JURY DEMAND**

63. Plaintiff demands a trial by jury on all Counts so triable.

**TRIAL DESIGNATION**

64. Plaintiff designates Topeka, Kansas as the location of trial.

Dated: May 12, 2020

                    Respectfully Submitted,
                    **HALVORSEN KLOTE**

By:    /s/ Gregory M. Klote

                Gregory M. Klote, #66888
                680 Craig Road, Suite 104
                St. Louis, MO  63141
                P: (314) 451-1314
                F: (314) 787-4323
                greg@hklawstl.com

                *Attorneys for Plaintiff*